FORD *v.* FERGUSON & SON.

Opinion delivered November 16, 1931.

*Sam Levine,* for appellant.

*Rowell & Alexander* and *Hendrix Rowell,* for appellee.

HUMPHREYS, J. This is an appeal from a summary judgment rendered in the chancery court of Jefferson County on a bond executed by appellant as surety and John W. Gibson as principal to enjoin an execution sale of equities of the said John W. Gibson in certain lands in said county and growing crops thereon until November 1, 1930. The judgment under which the execution had been levied was obtained in the circuit court of said county by appellees, C. M. Ferguson & Son, against John W. Gibson on the 12th day of April, 1929, for $1,920.50. Its validity was not attacked in the suit to enjoin it. The chancery court prohibited the appellees herein from enforcing the judgment until November 1, 1930, on condition that John W. Gibson would execute a bond with good and sufficient security in conformity with the re-

quirements of § 5806 of Crawford & Moses' Digest, which is as follows:

"Where the injunction is to stay proceedings upon a judgment or final order, the bond will be to the effect that the party obtaining the injunction will satisfy the judgment or order, or so much of it as is enjoined, to the extent to which the injunction may be dissolved; and that he will also satisfy any modified judgment or order that may be rendered or made in lieu of it, or so much of it as exceeds the amount left unenjoined. In other cases, unless otherwise directed by the court or judge, the bond shall be to the effect that the party giving it will pay to the party enjoined such damages as he may sustain, if it is finally decided that the injunction ought not to have been granted."

In compliance with the order, Gibson and his surety, the appellant herein, executed the following bond:

"We undertake and are bound to the defendants herein that the plaintiff, John W. Gibson, will satisfy the judgment against him in favor of the said C. M. Ferguson & Son involved herein, or so much thereof as is enjoined by the court in this action, to the extent to which said injunction may be dissolved, and that the said John W. Gibson will also satisfy any modified judgment or order that may be rendered or made in lieu of said judgment, or so much of said judgment as exceeds the amount left unenjoined.

"John W. Gibson,
"Jim G. Ford."

On the 19th day of March, 1931, the court, upon motion of appellee, C. M. Ferguson & Son, entered the summary judgment appealed from against the principal and surety in the bond for the total sum of $2,141.43.

Appellant contends for a reversal of the decree on the ground that the court was without authority to render a summary judgment against the principal and surety in the bond until the injunction had been dissolved by order of court. Neither the language of the statute under which the bond was given nor the bond admits of such

construction without reading into one or the other or both the words "by the court," after the word "dissolved." The bond is in the nature of a stay bond for a money judgment. The court is of the opinion that the final order of injunction issued on May 14, 1930, was automatically dissolved by failure to pay the judgment on or before November 1, 1930, and that it was within the inherent power of the chancery court as well as within its statutory power (§ 5822 of Crawford & Moses' Digest) to render a summary judgment upon the bond.

No error appearing, the decree is affirmed.